

EBP: USAO 2017R00289



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND



| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO.** |
| | * | PX 18CR 547 |
| **BYUNG IL BANG,** | * | **(Wire Fraud, 18 U.S.C. § 1343;** |
| a/k/a "Peter Bang," | * | **Fraud and False Statements,** |
| | * | **26 U.S.C. § 7206(1); Forfeiture,** |
| **Defendant** | * | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | * | **§ 853, 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

1.      Defendant **BYUNG IL BANG, a/k/a Peter Bang ("BANG")** was a resident of

Maryland. The Department of Economic Development ("MC-DED") was a department within

the government of Montgomery County. In 2016, MC-DED became the Montgomery County

Department of Finance. MC-DED and the Department of Finance were designed, in part, to

assist private employers who were located, planning to locate, or substantially expand operations

in Montgomery County, Maryland. MC-DED and the Department of Finance funded the creation

of business innovation centers, or "incubators," in order to assist small businesses developing in

Montgomery County. MC-DED and the Department of Finance had several incubators

throughout Montgomery County with different areas of focus, such as computer technology,

biological technology, and small minority and women-owned businesses ("the Montgomery County incubators").

2.      From at least 2010, through approximately July 2016, **BANG** was employed as the Chief Operating Officer of MC-DED. In 2016, when MC-DED became the Department of Finance, **BANG** became employed by the Department of Finance until May 2017.

3.      During the course of his employment at MC-DED and the Department of Finance, **BANG**'s duties included overseeing the budgets for the Montgomery County incubators and requesting disbursements of County funds to help the incubator program.

4.      The government of Montgomery County maintained an account at PNC Bank with an account number ending in x8105 (the "Montgomery County Account").

5.      **BANG** maintained a personal checking account at Bank of America with an account number ending in x1197 (the "Bang Account").

### The Scheme to Defraud

6.      Between at least in or about 2010 and in or about 2017, in the District of Maryland and elsewhere, **BANG** devised a scheme and artifice to defraud Montgomery County and to obtain money from Montgomery County, that is, at least $6,705,669.37 spread over numerous separate transactions, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

### Manner and Means of the Scheme to Defraud

7.      It was part of the scheme to defraud that **BANG** stole money from Montgomery County by causing MC-DED and the Department of Finance to send checks and direct deposit transfers to the Bang Account.

8.      It was further part of the scheme to defraud that **BANG** created nominee entities to issue fraudulent invoices to Montgomery County in order to conceal the money **BANG** embezzled.

9.      It was further part of the scheme to defraud that **BANG** used the funds embezzled from Montgomery County for his personal use.

## The Charge

10.      On or about August 10, 2015, in the District of Maryland and elsewhere, the defendant,

## BYUNG IL BANG,

for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused the transmission of a wire communication in interstate commerce, that is, a $521,484 wire transmission from the Montgomery County Account in Maryland through a server outside of Maryland, to the Bang Account in Maryland.

18 U.S.C. § 1343

## COUNT TWO
### (Fraud and False Statements)

The U.S. Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 9 of Count One incorporated here.

2. On or about April 10, 2016, in the District of Maryland and elsewhere, the defendant,

**BYUNG IL BANG,**

did willfully make and subscribe a 2015 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which **BANG** did not believe to be true and correct as to every material matter. That Form 1040, which was prepared and signed in the District of Maryland, and was filed with the Internal Revenue Service, stated that **BANG** had total income of $2,084,631, whereas, as he then and there knew, he received $1,398,315.50 in addition to the amount stated on the return.

26 U.S.C. § 7206(1)

### FORFEITURE ALLEGATION

The U.S. Attorney for the District of Maryland further finds that:

1.       Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

2.       As a result of the offense set forth in Count One, the defendant,

### BYUNG IL BANG,

shall forfeit to the United States any property, real or personal, which constitutes or is traceable to such violation, including but not limited to at least $6,705,669.37 in United States currency.

### Substitute Assets

3.       If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third person;

        c.       has been placed beyond the jurisdiction of the Court;

        d.       has been substantially diminished in value; or,

        e.       has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C.

§ 853(p), up to the value of the forfeitable property, that is, at least $6,705,669.37.


18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney