FILED _____ ENTERED
LOGGED __JH_ RECEIVED

NOV **1 6** 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---



*Thomas M. Sullivan*
*Assistant United States Attorney*
*Thomas.Sullivan@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-0173*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

July 26, 2018

Gerald W. Kelly, Jr., Esquire
Kelly | Dorsey, P.C.
10320 Little Patuxent Parkway
Suite 608
Columbia, MD 21044

    Re:    <u>United States v. Byung Bang</u>,
           Criminal No. [TBD] PX 18-0547

Dear Mr. Kelly,

    This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m. on August 9, 2018**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offenses of Conviction

    1.    The Defendant agrees to waive indictment and plead guilty to a Criminal Information to be filed against him in this district, which will charge him in Count One with Wire Fraud, in violation of 18 U.S.C. § 1343, and in Count Two with Fraud and False Statements, in violation of 26 U.S.C. § 7206(1). The Information also will allege criminal forfeiture, and the Defendant will consent to the forfeiture allegation alleged in the Information. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

Elements of the Offenses

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

        a.    <u>Wire Fraud (Count One)</u>: (1) There was a scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations,

and promises, as alleged in the Information; (2) the Defendant knowingly and willfully participated in the scheme and artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and (3) in execution of that scheme, the Defendant transmitted or caused to be transmitted by means of interstate wires any writings, signs, signals, pictures, or sounds, as specified in the Information.

        b.      Fraud and False Statements (Count Two): (1) The Defendant made and subscribed a return, statement, or other document which was false as to a material matter; (2) the return, statement, or other document contained a written declaration that it was made under the penalties of perjury; (3) at the time of filing, the Defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the Defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

## Penalties

3.      The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows: Count One (Wire Fraud) – twenty years' imprisonment, three years' supervised release, and a fine of the greater of $250,000 or twice the gross pecuniary gain or gross pecuniary loss of the offense; and Count Two (Fraud and False Statements) – three years' imprisonment, one year of supervised release, and a fine of not more than $250,000 or twice the gross pecuniary gain or gross pecuniary loss of the offense. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.[1] The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had not entered into this agreement, he could have entered a plea of not guilty to any charges voted by the grand jury. He would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's pleas of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and set forth the following applicable sentencing guidelines factors:

### Count One (Wire Fraud)

a. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a), the base offense level is **7**.

b. An additional **18**-level enhancement applies, pursuant to U.S.S.G. § 2B1.1(b)(1)(J), because the intended loss amount reasonably foreseeable to the Defendant exceeded $3,500,000 but did not exceed $7,500,000.

c. An additional **2**-level enhancement applies, pursuant to U.S.S.G. § 2B1.1(b)(10)(C), because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

d. An additional **2**-level enhancement applies, pursuant to U.S.S.G. § 3B1.3, because the Defendant abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense.

e. The adjusted offense level for Count One is **29**.

### Count Two (Fraud and False Statements)

f. Pursuant to U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(I), the base offense level is **22**, because the tax loss was more than $1,500,000 but not more than $3,500,000.

g. An additional **2**-level enhancement applies, pursuant to U.S.S.G. § 2T1.1(b)(1), because the Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity.

h. An additional **2**-level enhancement applies, pursuant to U.S.S.G. § 2T1.1(b)(2), because the offense involved sophisticated means.

4

i. The adjusted offense level for Count Two is **26**.

### Grouping

j. Pursuant to U.S.S.G. § 3D1.2(b), Count One and Count Two group. The total adjusted offense level thus is **29**.

k. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his pleas of guilty. If the Defendant obtains a 3-level reduction, the final offense level thus will be **26**.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a Career Offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant reserves the right to argue for any factor under 18 U.S.C. § 3553(a) that could take the sentence outside of the advisory guidelines range, and will notify the Court, the United States Probation Officer and government counsel at least 14 days in advance of sentencing of the facts or issues he intends to raise.

### Obligations of the Parties

9. At the time of sentencing, this Office will recommend a reasonable sentence consistent with the factors outlined in 18 U.S.C. § 3553(a). In addition, this Office will recommend that the Court impose a judgment of full restitution to any victims.

10. It is an express condition precedent of this agreement that the Defendant enter into a binding guilty plea to a criminal Information to be filed in the Circuit Court for Montgomery County, Maryland, charging him with the following criminal offenses: (1) Theft Scheme Over $100,000, in violation of Maryland Criminal Law, Section 7-104(g); and (2) Misconduct In Office, in violation of Maryland common law. This Office has not made any agreement with the Defendant as to whether any term of imprisonment imposed in the Montgomery County Circuit Court will run concurrent or consecutive to any term of imprisonment imposed by this Court. The

5

Defendant and this Office agree to recommend that any sentence imposed in the Montgomery County Circuit Court shall be served in the Bureau of Prisons; however, this Office does not control any such decision, and the recommendation may not be permitted by the Bureau of Prisons or applicable law.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Restitution

12. The Defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses, including the losses sustained by the victim of the count of conviction and the losses sustained in all of the offenses described in the Statement of Facts (Attachment A to this plea agreement). The Defendant agrees to the entry of a Restitution Order in the full amount of the victims' losses, which will be determined prior to sentencing and which is at least **$6,705,669.37** to Montgomery County, Maryland, followed by **$2,335,913.00** to the Internal Revenue Service. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. Pursuant to 18 U.S.C. § 3663(a)(3) and § 3663A(a)(3), the Defendant agrees that the persons or entities to whom restitution shall be paid include Montgomery County, Maryland; the State of Maryland; the United States Department of the Treasury; and the Internal Revenue Service.

13. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation as well as any funds that may be available as substitute assets for the purpose of restitution. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Forfeiture

14. The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the Court will order the forfeiture of all proceeds obtained or retained as a result of the offense. The Defendant agrees to a forfeiture order directing a money judgment in the amount of **$6,705,669.37**. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to any Restitution Order.

### Assisting the Government with Regard to the Forfeiture

15. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

16. The Defendant further agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Collection of Financial Obligations

17. The Defendant expressly authorizes the U.S. Attorney's Office for the District of Maryland to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

18. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

19. Within 21 calendar days of the date of the entry of the Defendant's pleas of guilty, the Defendant will submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years of incarceration and a fine.

### Waiver of Appeal

20. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty are unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statutes.

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence above the advisory guidelines range resulting from an offense level of **26**; (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is below any sentence within the advisory guidelines range resulting from an adjusted base offense level of **26**.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

21. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty pleas because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

22. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Pre-Sentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the pre-sentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

23. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By: *[signature]*
Thomas M. Sullivan
Erin B. Pulice
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10-25-2018
Date

Byung Bang

I am the attorney for Byung Bang. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

Oct 25, 2018
Date

Gerald W. Kelly, Jr., Esq.