UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PX-18-547 |
| BYUNG IL BANG, | * |
| Defendant | * |

*******

## CONSENT PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the defendant, Byung Il Bang, pled guilty pursuant to a written plea agreement to an Information, charging him with Wire Fraud in violation of 18 U.S.C. § 1343, and fraud and false statements, in violation of 26 U.S.C. ' 7206(1);

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit $6,705,669.37, representing property real and personal, that represents or is traceable to the gross proceeds obtained, directly or indirectly, from the offense, and any property, real and personal, involved in the offense, or any property traceable to such property to the United States in the form of a money judgment;

WHEREAS, the defendant has also agreed to forfeit the following property, as substitute assets in partial satisfaction of the money judgment, pursuant to 21 U.S.C. § 853(p) ("the substitute assets"), including but not limited to:

    a.    $137,925 in U.S. currency held in escrow by counsel for the defendant; and

    b.    an amount of money in Fidelity account(s) in the name of Byung Il. Bang.

WHEREAS the money judgment and the above-listed substitute assets are referred to herein as "the Subject Property;"

WHEREAS, the parties agree that the United States will not seek to forfeit as a substitute asset the real property located at 481 Lynette Street, Gaithersburg, Maryland, 20878 because the asset does not meet the estimated value thresholds per DOJ policy; and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the defendant must forfeit to the United States all property involved in the offense(s) for which he has been convicted. The court finds by a preponderance of the evidence that the property involved in the instant offense was **$6,705,669.37**.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets or otherwise used to satisfy the money judgment.

3. Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c). The notice must describe the forfeited

property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6). No such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money. Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed R. Crim. P. 32.2(c)(2).

9. Insofar as this Order contains a judgment for a sum of money, the defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e) if the Government locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

10. The value of any substitute assets or directly traceable property included in the Subject Property shall be credited toward the satisfaction of the money judgment. Property forfeited as property used to commit or to facilitate the commission of the offense, however, shall not be so credited.

Date: 1.7.2019

_____
Paula Xinis
United States District Judge

WE ASK FOR THIS:

_____
Erin B. Pulice
Assistant United States Attorney

_____
Byung Il Bang
Defendant

_____
Gerald W. Kelly
Attorney for the Defendant